## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willkie Farr & Gallagher LLP, 1875 K Street NW Washington, DC 20006 <br><br> Plaintiff, <br><br> v. <br><br> Defense Intelligence Agency <br><br> Defendant. | Case No.: _____ |

## COMPLAINT FOR VIOLATION OF THE
## FREEDOM OF INFORMATION ACT

## INTRODUCTION

1.      Plaintiff Willkie Farr & Gallagher LLP represents hundreds of American military veterans and Gold Star families who were gravely injured, or whose relatives were killed or wounded by terrorist attacks in Afghanistan.  *See Cabrera et al v. Black & Veatch Special Projects Corporation et al,* Case No. 1:19-cv-03833-EGS (D.D.C.).  Plaintiff brings this action for relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the United States Defense Intelligence Agency (the "Agency") to produce records as required by law related to contractor payments to the Taliban.

2.      On May 1, 2020, Plaintiff properly submitted a targeted FOIA request to the Agency in accordance with FOIA and its own FOIA instructions on its public website.  *See FOIA Electronic Reading Room*, DEFENSE INTELLIGENCE AGENCY (June 1, 2020, 7:12 PM), https://web.archive.org/web/20200601191227/https://www.dia.mil/FOIA.aspx (static internet archive showing the contents of https://www.dia.mil/FOIA.aspx as of June 1, 2020).

3.      The Agency's statutory 20-working-day deadline for making a determination concerning the request has expired.  However, the Agency has neither produced documents nor made a determination as to this request in violation of FOIA.

4.      More than a decade ago, the President directed federal agencies to adopt a "presumption in favor of disclosure" and to respond to FOIA requests "promptly and in a spirit of cooperation," so that "openness prevails." FOIA Pres. Mem., 74 Fed. Reg. 4683, 4683 (Jan. 21, 2009).  The Agency has thus far disregarded this directive.

5.      Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and now seeks judicial relief compelling the Agency to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

7.      Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

8.      Plaintiff Willkie Farr & Gallagher LLP is a law firm with an office in Washington, D.C.  Plaintiff submitted the FOIA request identified in this Complaint.

9.      Defendant is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Agency is believed to have possession, custody, and control of records responsive to Plaintiff's request.

## FACTUAL ALLEGATIONS

I.      **Background**

10.     Plaintiff and its undersigned co-counsel represent hundreds of U.S. citizens who were killed or injured, or whose relatives were killed or injured, by Taliban-led terrorist insurgents in Afghanistan between 2009 and 2017.  These victims have asserted claims in this District seeking damages under the federal Anti-Terrorism Act against several large contractors with lucrative businesses in post-9/11 Afghanistan who are alleged to have helped finance the terrorist attacks by, among other things, paying the Taliban to refrain from attacking their business interests.  *See* Amended Complaint, *Cabrera* (Dkt. No. 82).

11.     As alleged in the *Cabrera* Amended Complaint, the U.S. government publicly opposed protection payments and attempted to stop them.  Multiple agencies, including the Defendant Agency, set up task forces designed to interrupt the flow of protection money to terrorists, and U.S. officials stated repeatedly that such payments were illegal and

2

counterproductive.  Federal regulations also required prime contractors to ensure that their

contracting practices – including the money spent downstream by their subcontractors – did not

finance terrorism.

12.     Plaintiff submitted the FOIA request at issue to obtain Agency records relevant to

issues raised in *Cabrera*, including governmental records documenting and analyzing protection

payments, and other corrupt acts, committed by the *Cabrera* defendants.  Additionally, the

request seeks related documents relevant to the *Cabrera* defendants' conduct in Afghanistan,

which resulted in those defendants providing significant sums of U.S. taxpayer dollars to the

very terrorists our country was fighting.

13.     The requested records have broader public significance beyond the *Cabrera*

litigation.  National media has reported on the *Cabrera* plaintiffs' efforts to pursue legal action

against the Cabrera defendants, reflecting the public's interest in allegations that large

corporations financed terrorism in Afghanistan.[1]

## II.     Plaintiff Properly Submitted One FOIA Request for Agency Records

---

[1] *See, e.g.*, Jessica Donati, *Lawsuit Accusing Contractors of Paying Protection Money to Taliban is Expanded*, THE WALL STREET JOURNAL (June 8, 2020), https://www.wsj.com/articles/lawsuit-accusing-contractors-of-paying-protection-money-to-taliban-is-expanded-11591471172; Erik Larson, *Families of Afghan War Dead Say Contractors Bribed Taliban*, BLOOMBERG (Dec. 27, 2019), https://www.bloomberg.com/news/articles/2019-12-27/families-of-u-s-afghan-war-dead-say-contractors-bribed-taliban; Kevin Breuninger and Lauren Hirsch, *US contractors sued for allegedly paying 'protection money' to the Taliban in Afghanistan*, CNBC (Dec. 27, 2019), https://www.cnbc.com/2019/12/27/lawsuit-contractors-paid-protection-money-used-in-terrorist-insurgency.html; David Shortell, *Gold Star family lawsuit alleges contractors in Afghanistan funneled money to the Taliban*, CNN (Dec. 27, 2019), https://www.cnn.com/2019/12/27/politics/afghanistan-contractor-suit/index.html; Adam Shaw, *Families of Americans killed in Afghanistan sue contractors over alleged Taliban payments*, FOX NEWS (Dec. 27, 2019), https://www.foxnews.com/politics/families-of-americans-killed-in-afghanistan-sue-contractors; Michael R. Gordon and Jessica Donati, *U.S., International Contractors Sued for Allegedly Paying Protection Money to Taliban*, WALL STREET JOURNAL (Dec. 27, 2019), https://www.wsj.com/articles/u-s-international-contractors-sued-for-allegedly-paying-protection-money-to-taliban-11577468921.

14.     On May 1, 2020, Plaintiff properly submitted a FOIA request for records to the Agency's FOIA e-mail address (FOIA@dodiis.mil) as instructed on the Agency's public website.  *See FOIA Electronic Reading Room*, DEFENSE INTELLIGENCE AGENCY (June 1, 2020, 7:12 PM), https://web.archive.org/web/20200601191227/https://www.dia.mil/FOIA.aspx (static internet archive showing the contents of https://www.dia.mil/FOIA.aspx as of June 1, 2020).  As discussed more fully below, the request "reasonably describes" the records Plaintiff seeks, 5 U.S.C. § 552(a)(3)(A)(i), and, to the extent possible, specifies documents, authors, dates, and corroborating information establishing the existence of the requested records.  Additionally, the request provides requester contact information and a statement of a willingness to pay associated fees.  The request is summarized in the following paragraph and attached in full as Exhibit 1.

15.     **The "IIR Request"** (Exhibit 1) seeks a set of DEA-produced or -maintained documents (comprising DEA-6s, IIRs, PowerPoint files, memoranda, etc.) contained in a specific case file known to exist and identified both by name ("New Ansari") and by case number (XY-07-0010); all DEA-6 or IIR documents produced by the DEA under a specific country code ("XY") or written by a particular office ("Kabul Country Office" or "KCO") that also hit upon a set of limited and identifiable search terms.  Plaintiff believes the Agency may be in possession of these DEA-6 and IIR documents because the DEA-established Afghanistan Threat Finance Cell was sharing its intelligence with the Agency at the time.  To aid in this request, Plaintiff identified a set of case file names and numbers known to exist and believed to contain relevant and responsive documents, as well as a list of custodians believed to have produced or possessed responsive documents.

16.     To date, Plaintiff has received no communication from the Agency whatsoever.

17.     The Agency has never asserted that this request failed to reasonably describe the records sought or was improper or deficient or not "perfected" in any manner.  Nor has the Agency ever requested any additional information from Plaintiff.  Instead, the Agency has failed to respond to Plaintiff's request, or even to acknowledge receipt of the request.  Nor has the Agency produced any documents or provided any determination at all as to Plaintiff's request.

## III.    The Agency Failed to Make a Determination within FOIA's Time Limits and Plaintiff Has Constructively Exhausted Administrative Remedies

### A.    The Agency Violated FOIA's Time Limits and Search Requirements

18.     Under FOIA, an agency must process and make a "determination" on a FOIA request within 20 working days of receiving the request (or 30 working days should an agency provide a written notice within the 20 day working period setting forth any "unusual circumstances"[2] for such extension).  5 U.S.C. §§ 552(a)(6)(A)(i) and (viii).  The statute specifically mandates that the agency must, at a minimum: (i) gather and review requested documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, along with the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.  *See Spannaus v. DOJ*, 824 F.2d 52, 59 n. 7 (D.C.Cir.1987); *Citizens for Responsibility and Ethics in Washington v. Federal Election Com'n*, 711 F.3d 180 (D.C. Cir. 2013).

19.     While FOIA provides that under "unusual circumstances" an agency may extend the 20-day period to respond by an additional ten working days, such "unusual circumstances" must be invoked by "timely written notice" to the Plaintiff "setting forth the unusual

---

[2] As defined in FOIA, "unusual circumstances" means, "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

circumstances for such extension and the date on which a determination is expected to be dispatched."  5 U.S.C. §§ 552(a)(4)(A)(viii)(II)(aa) and (a)(6)(B)(i).  To be timely, such written notice must be delivered prior to the expiration of the standard 20-day period to respond.  *See Judicial Watch, Inc. v. United States Dep't of Homeland Sec.*, 895 F.3d 770, 787 (D.C. Cir. 2018) ("The statute obligates the agency to reach out to requesters if it will not meet the initial 20-day deadline . . . .").

20.     As Plaintiff submitted its request on Friday, May 1, 2020, the Agency received the request for the purposes of FOIA no later than the following Monday, May 4, 2020.  As such, (and accounting for Memorial Day on May 25th), the Agency was required to provide a determination or timely written notice of unusual circumstances no later than June 2, 2020 (the date marking 20-working days after May 4, 2020).

21.     As no determination was made for the request within the permissible time period afforded by FOIA, the Agency is in violation of its statutory obligations under FOIA for the request.  Even had the Agency requested the maximum ten-day extension (which it did not), such time would have expired as of the date of this Complaint.

22.     The Court should therefore compel the Agency to expeditiously complete adequate searches, make a determination, and produce responsive, non-exempt documents.

**B.     Plaintiff Has Constructively Exhausted Administrative Remedies**

23.     For the request, the Agency has failed to state which documents will be produced or withheld, provided reasons for any withholding, or informed Plaintiff of appellate rights.  Nor has the Agency informed Plaintiff when any response may be expected.  The Agency has thus not made a determination as required by law.  *See Spannaus v. DOJ*, 824 F.2d 52, 59 n. 7 (D.C.Cir.1987); *Citizens for Responsibility and Ethics in Washington v. Federal Election Com'n*, 711 F.3d 180 (D.C. Cir. 2013).

24.     As stated above, the time limits under FOIA have expired for the request at issue.
5 U.S.C. §§ 552(a)(6)(A)(i) and (B)(i); DoD Manual 5400.07, DoD Freedom of Information Act
(FOIA) Program § 6.7 (Jan. 25, 2017), *available at*
https://open.defense.gov/Portals/23/Documents/FOIA/FOIA_Resources/DoDM%205400.07.pdf?
ver=2017-03-15-135646-847.  As such, Plaintiff is "deemed to have exhausted [] administrative
remedies" with respect to the foregoing FOIA violations, and the FOIA statute authorizes
Plaintiff to bring suit in this District to compel prompt production and enjoin continued wrongful
withholding of records responsive to Plaintiff's request.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

### COUNT ONE:  Failure to Comply with FOIA

25.     Plaintiff repeats and re-alleges each and every allegation contained in the
foregoing paragraphs as if fully set forth herein.

26.     Plaintiff properly requested records within the possession, custody, and control of
the Agency.

27.     Defendant is an "agency" subject to FOIA.

28.     The Agency was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable
search for records responsive to Plaintiff's FOIA request.

29.     The time under 5 U.S.C. § 552(a)(6) for the Agency to conduct such a search and
make a determination as to Plaintiff's FOIA request, informing Plaintiff which documents the
Agency intends to produce and withhold, and the reasons for withholding any documents, has
expired.

30.     The Agency has wrongfully failed to make and communicate to Plaintiff a
determination as to Plaintiff's FOIA request.

31.     Pursuant to 5 U.S.C. § 552(a)(3)(A), the Agency was required to promptly produce all responsive records that are subject to disclosure under FOIA.

32.     The Agency has wrongfully failed to make such a production for Plaintiff's FOIA request.

33.     Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

34.     Plaintiff is entitled to an order compelling the Agency to conduct reasonable searches sufficient to locate responsive records and to expeditiously produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

35.     To facilitate determination of the validity of any withholdings based on FOIA exemptions the Agency may ultimately assert, Plaintiff seeks an order compelling the Agency to produce indexes justifying redactions to or withholding of responsive records.

## COUNT TWO:  Declaration Precluding Assessment of Fees

36.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37.     The Agency has failed to comply with time limits under 5 U.S.C. § 552(a)(6).

38.     The Agency failed to provide timely written notice to Plaintiff of any unusual circumstances.

39.     The Agency has not discussed or attempted to discuss with Plaintiff how or whether Plaintiff could limit the scope of Plaintiff's FOIA request.

40.     No court has determined that exceptional circumstances exist.

41.     Accordingly, Plaintiff is entitled to a declaration that the Agency may not assess any search fees associated with Plaintiff's FOIA request, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

8

**PRAYER FOR RELIEF**

42.     Plaintiff requests that the Court:

    a.  Order the Agency to expeditiously conduct a reasonable search for all records responsive to Plaintiff's FOIA request, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

    b.  Order the Agency to produce within twenty (20) days or such other time as the Court deems proper all records responsive to Plaintiff's FOIA request that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

    c.  Declare that the Agency failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under § 552(a)(4)(A)(viii) with respect to Plaintiff's FOIA request;

    d.  Award Plaintiff attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e.  Grant Plaintiff any other relief the Court deems just and proper.

Dated:  June 16, 2020

                                       Respectfully submitted,

                                       */s/ Randall Jackson*_____
                                       Randall Jackson (D.C. BAR No. 490798)
                                       Nicholas Reddick[*]
                                         Devin Charles Ringger (D.C. BAR No. 1044160)
                                       Willkie Farr & Gallagher LLP
                                       1875 K Street, N.W.
                                       Washington, D.C. 20006-1238
                                       Tel: (202) 303-1000
                                       Fax: (202) 303-2000
                                       RJackson@willkie.com
                                     NReddick@willkie.com
                                     DRingger@willkie.com

                                       *Counsel for Plaintiff*

---

[*] D.C. Bar admission pending; California Bar No. 288779. Practicing under supervision of members of the D.C. Bar.